IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00162-BNB

SIDNEY M. BLAKE,

    Plaintiff,

v.

BRIAN WEBSTER,
JULIE FULLER,
RYDER MAY,
KEVIN MILLYARD, and
DOCTOR FORTUNATO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2010

GREGORY C. LANGHAM
               CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Sidney M. Blake, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Blake has filed **pro se** a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the Eighth Amendment to the United States Constitution were violated in December 2008. The court must construe the complaint liberally because Mr. Blake is not represented by an attorney. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a **pro se** litigant. *See* **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Blake will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and finds that it is deficient because Mr. Blake fails to allege specific facts that demonstrate how each Defendant personally participated in the asserted constitutional violation. Mr. Blake claims that he

was subjected to cruel and unusual punishment when he experienced extreme pain and suffering while awaiting necessary medical treatment. Although he makes specific allegations regarding the actions of Defendants Brian Webster, Julie Fuller, and Ryder May, Mr. Blake fails to allege facts that demonstrate how Defendants Kevin Millyard and Doctor Fortunato personally participated in the alleged delay in providing medical treatment.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Blake "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Blake must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475

U.S. 469, 479 (1986).

Therefore, Mr. Blake will be ordered to file an amended complaint that includes allegations of personal participation by each named Defendant if he wishes to pursue his claim against each named Defendant. If Mr. Blake fails to file an amended complaint that includes specific allegations of personal participation by each named Defendant, the Defendants against whom he fails to allege personal participation will be dismissed as parties to the action. Accordingly, it is

ORDERED that Mr. Blake file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claim against each named Defendant. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Blake, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Blake fails to file an amended complaint that complies with this order within the time allowed, the Defendants against whom he fails to allege personal participation will be dismissed without further notice.

DATED February 23, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00162-BNB

Sidney Blake
Prisoner No. 62505
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/23/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk