IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-0162-DME-CBS

SIDNEY M. BLAKE,
        Plaintiff,
v.

BRIAN WEBSTER,
JULIE FULLER,
RYDER MAY,
KEVIN MILYARD,
DR. FORTUNATO,
        Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Plaintiff Mr. Blake's "Motion for Affirmative Experts Witnesses [sic]" (filed September 30, 2010) (doc. # 38).  Pursuant to the Order of Reference dated March 25, 2010 (doc. # 14) and the memorandum dated October 1, 2010 (doc. # 39), this matter was referred to the Magistrate Judge.  The court has reviewed the matter and the entire case file and is sufficiently advised in the premises.

        The court finds no legal authority to appoint and/or pay expert witnesses to assist Mr. Blake in the preparation of this civil suit for damages.  The *in forma pauperis* statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action.  *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).  "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (internal quotation marks and citation omitted).  *See also Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983) (the right of access to the courts does not extend to provide witness fees for a witness an *in forma pauperis* prisoner claims to be essential to his case).  Fed. R. Evid. 706 contemplates the appointment of an expert to aid the court,

not the appointment of, and compensation for, an expert to aid one of the parties. *Hannah*,

523 F.3d at 600-01.

> [t]he plaintiffs' [former pretrial detainees] dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (affirming the district court's

refusal to appoint an expert at government expense). Mr. Blake's request for appointment

of expert witnesses is properly denied. The court's ruling does not prevent Mr. Blake from

retaining expert witnesses himself. Accordingly,

IT IS ORDERED that Mr. Blake's "Motion for Affirmative Experts Witnesses [sic]"

(filed September 30, 2010) (doc. # 38) is DENIED.

DATED at Denver, Colorado, this 1st day of October, 2010.

BY THE COURT:


        s/Craig B. Shaffer
United States Magistrate Judge