**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-00162-DME-CBS

SIDNEY M. BLAKE,

        Plaintiff,

v.

BRIAN WEBSTER,
JULIE FULLER,
RYDER MAY,
DOCTOR FORTUNATO, and
KEVIN MILYARD

        Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter comes before the Court on Magistrate Judge Craig B. Shaffer's Recommendation (Doc. 94) that this Court grant Defendants' Motion for Summary Judgment (Doc. 80). Plaintiff has filed a timely objection to the Recommendation (Doc. 95), and Defendants have filed a response to that objection (Doc. 96). After reviewing the Magistrate Judge's Recommendation de novo, see Fed. R. Civ. P. 72(b)(3), the Court adopts the Recommendation.

Plaintiff Sidney M. Blake, proceeding pro se, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC"). The events pertinent to this lawsuit occurred while Plaintiff was incarcerated at CDOC's Sterling Correctional Facility ("SCF") in Sterling, Colorado. Plaintiff was seen repeatedly by SCF medical staff, complaining of chest pains. On the basis of a chest X-ray taken on either December 8 or 9, 2010, SCF medical staff diagnosed

Plaintiff as suffering from a pleural effusion (excess fluid in the chest cavity around the lungs), and referred him to an outside facility for further testing. On December 10, 2010 at approximately 2:00 P.M., an echocardiogram conducted at an off-site medical facility confirmed that Plaintiff in fact suffered from a pericardial effusion (excess fluid in the pericardial cavity), and Plaintiff was referred to a Denver hospital for treatment. Plaintiff was admitted to Denver Health Medical Center at 9:20 P.M. on December 10, 2010 and admitted to surgery at 11:35 P.M. A pericardiocentesis (draining of excess fluid from the pericardial cavity) was completed by 1:45 A.M. on December 11, 2010.

Plaintiff brought an action under 42 U.S.C. § 1983 against the Defendants, alleging that they denied him, or delayed, medical care in violation of his Eighth Amendment rights. Defendants moved for summary judgment on the grounds that (1) Plaintiff failed to demonstrate that Defendants were deliberately indifferent to his serious medical needs; and (2) Plaintiff failed to prove that any of the Defendants had any personal involvement in the alleged deprivation of rights. Moreover, Defendants argued, they are entitled to qualified immunity. Plaintiff responded (Doc. 84) with a reiteration of his allegations and to dispute certain facts.

Summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). The Court views the evidence, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Sealock, 218 F.3d at 1209. "However, where the non[-]moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate

specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." Id.

A prisoner claiming that he has been denied medical treatment in violation of the Eighth Amendment must prove that prison officials were "deliberately indifferent to the [prisoner's] serious medical needs." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting Perkins v. Kan. Dep't. of Corr.'s, 165 F.3d 803, 811 (10th Cir. 1999)). Deliberate indifference has an objective component and a subjective component. Id. The objective component is met when a medical need is "sufficiently serious," that is, if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component is met if a plaintiff "establish[es] that defendant(s) knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it." Hunt, 199 F.3d at 1224 (internal quotation marks omitted).

Upon receiving a magistrate judge's recommendation for disposition of a dispositive motion, the district court may accept, reject, or modify the recommended disposition. See Fed. R. Civ. P. 72(b)(3). But the district court must review de novo those portions of the recommendation to which proper objection has been made. Id. An objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." United States v. One Parcel of Real Property Known as 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1060 (10th Cir. 1996). A "general objection," id. at 1058, or one that merely directs the district court, by reference, back to the "motions, exhibits, testimony,

3

briefs, and arguments," id. at 1060 (alteration omitted), already submitted to the court, will not do. See id.

The parties do not dispute, and the Court recognizes, that a pericardial effusion is a "serious medical need." Nevertheless, the Court agrees with the Magistrate Judge that Plaintiff has failed "to make a showing sufficient to establish," see Sealock, 218 F.3d at 1209, that Defendants delayed or denied Plaintiff medical care at all, let alone with deliberate indifference, and therefore Defendants are entitled to summary judgment. Nothing in the record suggests that Defendants disregarded the risk posed by Plaintiff's effusion, or that Defendants failed to take reasonable measures to abate it. Rather, Defendants made arrangements for further testing and treatment. Plaintiff, once conclusively diagnosed with a pericardial effusion, was on his way to a hospital within a matter of hours. His surgical treatment was complete, and his symptoms resolved, within approximately twelve hours.

Plaintiff's objections to the Magistrate Judge's Recommendation are in fact not objections to the Recommendation at all. Rather, they are assertions of fact that are not material to this dispute, or repetitions of allegations in his complaint, or general objections exhorting the Court to review all of Plaintiff's medical records. None of these objections alter the Court's conclusion.

Because Plaintiff has failed to raise a genuine issue of material fact as to whether Defendants denied or delayed the treatment of his serious medical need with deliberate indifference, this Court agrees with Magistrate Judge Shaffer's Recommendation and adopts it in full. Plaintiff's objections to the Magistrate Judge's Recommendation are OVERRULED.

Defendants' motion for Summary Judgment is GRANTED. This action is DISMISSED in its entirety, including any pending motions, and judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this ____13th____ day of _____March__, 2012.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE